IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SANDRA HAINAN,)
)
        Plaintiff,)
)
        v.) Civil Action No. 10-1600
)
S&T BANK, a business, and)
LORI BARTOLOTTA,)
an individual)
)
        Defendants.)

MEMORANDUM

Gary L. Lancaster,
Chief Judge.                                       April 27, 2011

        This is an action in civil rights. Plaintiff, Sandra Hainan, alleges the defendants, S&T Bank, her former employer and Lori Bartolotta, her former supervisor at S&T Bank, discriminated against her on the basis of age and a perceived disability. Plaintiff further contends this discrimination violated her rights under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, et seq., the American with Disabilities Act of 1990("ADA"), 42 U.S.C. § 12101 et seq., the Pennsylvania Human Relations Act, 43 P. S. §§ 951–963, ("PHRA"), and the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA") as well as related state law claims.

        Specific to this memorandum and order, Hainan contends that the defendants created a hostile work environment and retaliated against her for complaints she made regarding her

treatment by Lori Bartolotta. She further contends that defendants interfered with her ability to utilize her FMLA leave. She also asserts claims of harassment, willful misconduct, and intentional infliction of emotional distress under Pennsylvania. Plaintiff seeks compensatory and punitive damages, as well as fees and costs.

Before the court is defendants' partial motion to dismiss [Doc. No. 5]. Defendants contend that plaintiff fails to state a claim of discrimination or hostile work environment under the ADEA or the PHRA. They further contend that she failed to exhaust her administrative remedies under the ADA and fails to adequately plead an FMLA interference claim. They also argue that Lori Bartolotta is not an appropriate party and that plaintiff's harassment, willful misconduct, and intentional infliction of emotional distress claims are preempted by the Pennsylvania Human Relations Act and the Pennsylvania Workers' Compensation Act.

For the reasons set forth below, the motion will be denied in part and granted in part.

In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Federal Rule of Civil Procedure 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly,

550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

To survive a motion to dismiss, a complaint must contain sufficient facts that, if accepted as true, state "a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). A claim has facial plausibility when a plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 129 S.Ct. at 1949. However, the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Id. at 1950 (quoting Twombly, 550 U.S. at 555).

Therefore, when deciding a motion to dismiss under Rule 12(b)(6), we must conduct a three-step inquiry. Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). First, we must "tak[e] note of the elements a plaintiff must plead to state a claim." Id. (quoting Iqbal, 129 S.Ct. at 1947). Next, we must identify the allegations that "are no more than conclusions [and] are not entitled to the assumption of truth." Id. (quoting Iqbal, 129 S.Ct. at 1950). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id.

We may not dismiss a complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or ultimately prevail on the merits. Twombly, 550 U.S. at 556, 563 n.8. Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. Id. at 556. In the end, if, in view of the facts alleged, it can be reasonably conceived that the plaintiff could, upon a trial, establish a case that would entitle him to relief, the motion to dismiss should not be granted. Id. at 563 n. 8.

It is on this standard that the court has reviewed defendants' partial motion and plaintiff's response thereto. The court concludes that it is premature to dismiss Hainan's claims under the ADEA, ADA, PHRA, and FMLA at this stage without the benefit of discovery. At this procedural posture, we only find that Hainan's allegations, if true, set forth plausible claims for relief.

However, Hainan's common law claims of harassment, willful misconduct, and intentional infliction of emotional distress are preempted by the PHRA and Pennsylvania Worker's Compensation statute ("PWCA"), 77 P.S. § 481(a), because there is no separate set of facts alleging intentional tortious conduct outside of Hainan's employment relationship with S&T Bank or other acts of discrimination. The PHRA preempts any common law actions,

including harassment and willful misconduct, which allege facts associated with a prohibited form of discrimination. Keck v. Commercial Union Ins. Co., 758 F. Supp. 1034, 1039 (M.D. Pa. 1991). Likewise, the PWCA preempts an intentional infliction of emotional distress claim arising out of an employment relationship. See Matczak v. Frankford Candy and Chocolate Co., 136 F.3d 933, 940 (3d Cir. 1997) (quoting Dugan v. Bell Telephone of Pa., 876 F.Supp. 713, 724 (W.D. Pa. 1994).). Under this reasoning, Hainan's harassment and willful misconduct claims are preempted by the PHRA and Hainan's intentional infliction of emotional distress claim is preempted by the PWCA.

Accordingly, defendants' partial motion to dismiss will be granted with respect to the state common law claims and denied without prejudice with respect to the federal law claims and claims under the PHRA. Defendants may reassert their arguments on the remaining claims in a properly supported motion filed pursuant to Federal Rule of Civil Procedure 56 on a more fully developed record.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SANDRA HAINAN, )
 )
    Plaintiff, )
 )
    v. ) Civil Action No. 10-1600
 )
S&T BANK, a business, and )
LORI BARTOLOTTA, )
an individual )
 )
    Defendants. )

ORDER

AND NOW, this 27th day of April, 2011, upon consideration of defendants' partial motion to dismiss and plaintiff's response thereto, IT IS HEREBY ORDERED THAT defendants' partial motion to dismiss [doc. no. 5] is DENIED without prejudice with respect to plaintiff's federal law claims and claims under the PHRA. The motion is GRANTED with respect to the state common law claims and Defendants may reassert their arguments on the remaining claims in a properly supported motion filed pursuant to Federal Rule of Civil Procedure 56 on a more fully developed record.

BY THE COURT:

_____, C. J.

cc:      All Counsel of Record